# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH BROWN,
    Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
NY-4324-14-0161-I-1

DATE: November 8, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nathaniel Watty, Saint Albans, New York, for the appellant.

Kathleen J. Tulloch, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his request for corrective action under the Veterans Employment Opportunity Act (VEOA) and the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2    The appellant, a preference eligible, applied for a promotion to Supervisory Police Officer, GS-0083-09/11, but he was not selected for the position.  Initial Appeal File (IAF), Tab 10 at 24-26, Tab 13, Subtab 4D at 2.  He filed a Board appeal of his nonselection, alleging that the agency violated his rights under VEOA and USERRA, discriminated against him based on his race, nationality, sex, and disability, and committed prohibited personnel practices.  IAF, Tab 1 at 3-5.

¶3    On April 1, 2016, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing.  IAF, Tab 1 at 2, Tab 18, Initial Decision (ID) at 1-10.  He notified the appellant that the initial decision would become the Board's final decision unless a petition for review was filed by May 6, 2016.  ID at 10.  The initial decision was served on the appellant by mail and on his representative electronically at the email address that the appellant provided.  IAF, Tab 6, Tab 19.

¶4    Despite this notice, the appellant, through his representative, filed a petition for review on May 19, 2016, thirteen days after the filing deadline.  Petition for Review (PFR) File, Tab 1.  In explaining the delay, the appellant's representative states that he first learned that the initial decision had been issued when he accessed the Board's e-Appeal Repository on May 9, 2016.  PFR File, Tab 2 at 4. Before then, he apparently assumed that there were no new filings because he had not seen any email notifications.  *Id.*  He indicates that he finally checked the Repository in this case when, after missing filings in his own Board appeal, he learned that he was not receiving the Board's notifications.  *Id.*  The appellant's representative believes that he did not receive the notifications because his personal email account of record was compromised by an Office of Personnel

Management data breach and subject to persistent hacking. *Id.* at 5. The appellant's representative concedes that the appellant received the hardcopy of the initial decision that was mailed to him. *Id.* at 4. However, the appellant took no action because he was relying on his representative to handle the entirety of his appeal. *Id.* The agency filed a timely response.[2] PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The appellant disputes the administrative judge's jurisdictional findings and contends that the Board should accept his petition for review as timely filed or find good cause to excuse the delay. PFR File, Tab 1 at 4-5, Tab 2 at 4-5. In support, his representative alleges that he did not receive the initial decision until May 9, 2016, and that his delay should be excused because it was due to the alleged hacking of his email account. *Id.* at 4-5. We find that the appellant's petition does not provide a basis for review, as it is untimely filed without good cause shown.

¶6    A petition for review must be filed within 35 days after the date of issuance of the initial decision or within 30 days after the date that the appellant received the initial decision if he shows that he received the initial decision more than 5 days after it was issued. 5 C.F.R. § 1201.114(e).

¶7    Here, the Board's e-Appeal logs contradict the appellant's representative's claims as to the receipt date of the initial decision. The record confirms that on April 1, 2016, the Board electronically served a copy of the initial decision on the appellant's representative at his email address of record. IAF, Tab 6 at 1, Tab 19 at 2. The Board's e-Appeal logs further establish that the appellant's representative accessed and downloaded the initial decision later that day. The

---

[2] The appellant argues that the agency's response was untimely, and thus, we should not consider it. PFR File, Tab 5 at 3, Tab 6 at 3. In acknowledging the petition for review, the Clerk of the Board stated that the agency could file a response on or before June 13, 2016. PFR File, Tab 3 at 1. The agency submitted a response on that date. PFR File, Tab 4. Thus, we consider the agency's response because it was timely filed.

Board imputes service on a designated representative to the party. *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006). Therefore, we find that the appellant received the initial decision on April 1, 2016, and had until May 6, 2016, to file his petition.[3] 5 C.F.R. § 1201.114(e). Because the appellant did not file until May 19, 2016, his petition was untimely filed by 13 days.

¶8      The Board will excuse the untimely filing of a petition for review only upon a showing of good cause for the delay. *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 5 (2010); 5 C.F.R. § 1201.114(g). To determine whether an appellant has shown good cause, the Board will consider the length of the delay; the reasonableness of his excuse and his showing of due diligence; whether he is proceeding pro se; and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition for review. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9      As stated above, the Board's records contradict the appellant's representative's claims that he did not receive the initial decision at the time it was issued. However, even if we were to credit his claims, we find that he and the appellant exhibited a lack of due diligence. The 13-day delay in filing is not minimal. *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, ¶ 7 (2003). As an e-filer, the appellant's representative was responsible for ensuring that filters did not block the Board's emails. 5 C.F.R. § 1201.14(j)(2). If he was concerned about the security of his email account, he could have changed his

---

[3] Board documents served electronically on registered e-filers are deemed received on the date of electronic submission, regardless of whether they were in fact received. *Lima*, 101 M.S.P.R. 64, ¶ 5; 5 C.F.R. § 1201.14(m)(2). Therefore, the appellant's representative, and thus the appellant, are deemed to have received the initial decision on April 1, 2016.

method of service to regular mail or changed his email of record.  *See* 5 C.F.R § 1201.14(e)(4), (6) (permitting withdrawal of registration as an e-filer and outlining the process for changing the email address of record).  Also, the appellant's representative was responsible for monitoring case activity in the e-Appeal Repository to ensure that he had received all case-related documents. *See* 5 C.F.R. § 1201.14(j)(3).  Thus, the persistent email problems that purportedly contributed to his failure to receive Board notices do not excuse the delay.

¶10    Finally, the appellant's reliance on his representative to handle his appeal does not excuse the untimely filing because he is responsible for the errors of his chosen representative.  *See Young v. Department of Labor*, 69 M.S.P.R. 695, 697-98 (1996) (finding that an appellant's unwarranted belief that her representative is pursuing her appeal does not support a finding of due diligence). Therefore, we find that the appellant has not established good cause for the untimely filing.

¶11    Accordingly, we dismiss the petition for review as untimely filed without good cause shown.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the appellant's request for corrective action under VEOA and USERRA.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law, as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.